CELESTINO PÉREZ-RIVERA, Plaintiff and Appellee, *v.* SANTIAGO BROTHERS, JOSÉ SANTIAGO-JIMÉNEZ and BASILIO SANTIAGO-JIMÉNEZ, Defendants and Appellants.

No. 4144. Argued May 6, 1927.—Decided June 25, 1927.

*A. Sarmiento* for the appellants. *José Martínez Dávila* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Three persons signed a promissory note. They were Celestino Pérez Rivera, La Sociedad Santiago Hermanos and Bautista Rosario. The note was in favor of the Banco Comercial and in form and as far as the bank was concerned the obligation contracted was *in solido*. The bank·by reason of the obligation contracted selected Celestino Pérez Rivera for suit, obtained judgment and the said Celestino Pérez Rivera paid the whole note amounting to $1,285.75, and $150 for attorney's fees. Then the said Pérez brought a suit against Santiago Hermanos seeking to recover one-half of the amount that he had been obliged to pay.

The evidence showed that the person who received the money from the Banco Comercial was Bautista Rosario, and that the plaintiff Pérez and the defendant Santiago Hermanos signed as makers in order that Rosario could obtain the money from the bank; in other words, that the plaintiff and the defendant in this suit were accommodation makers ·for

Bautista Rosario. Santiago Hermanos defended on the ground that the obligation was a solidary one and, therefore, each one of the makers was exclusively responsible; that there could be no contribution between them; that the attempt of the plaintiff to set up that he was a mere accommodation maker or surety for Bautista Rosario was to vary the terms of a written contract.

The paper writing or promissory note signed by the three makers solely evidenced an obligation of the said three persons with the bank. No contract was shown among the alleged makers and the relations, contractual or otherwise, among themselves were in no way disclosed by said paper writing. The court found in favor of the plaintiff on the theory that the plaintiff and defendant were in effect sureties for Bautista Rosario.

Section 1745 of the Civil Code provides that when there are two or more sureties for the same debtor and for the same debt the one who has paid it may demand of each of the others the part which he or they proportionately should have paid. The only problem in this case is whether an obligation of suretyship existed among the persons who signed the note in favor of the bank. As a matter of fact there is no doubt that Bautista Rosario received the money from the bank and that the other two persons merely signed to enable the said Rosario to obtain the said money.

Section 1723 of the Civil Code provides as follows:

"By security a person binds himself to pay or perform for a third person in case the latter should fail to do so.

"If the surety binds himself jointly with the principal debtor, the provision of section fourth, Chapter third, Title first, of this Book shall be observed."

The reference back is to section 1104 et seq. of the Civil Code. Section 1107 says, for example, that "solidarity may exist, even though the creditors and debtors are not bound in the same manner, and for the same periods and under the

same conditions.'' This section shows that the civil law in force in Porto Rico is contemplating that the relations of the parties among themselves may be different from that displayed in some paper writing signed by them. Section 1112, however, is the one to be principally invoked. It provides:

"The payment made by any of the joint debtors extinguishes the obligation.

"The person who made the payment can only claim from his co-debtors the shares pertaining to each one with interest on the amounts advanced.

"The nonfulfilment of the obligation by reason of the insolvency of a joint debtor shall be made good by his co-debtors in proportion to the debt of each of them.''

It seems evident, therefore, that joint debtors may collect one from the other the part owing. The plaintiff and defendant in this case were jointly responsible among themselves when they signed to accommodate Bautista Rosario.

The question is not new in this jurisdiction. A similar situation was presented in the case of *Hughart* v. *Estate of Hamill,* 15 P.R.R. 289. There under the facts this court made its principal reasoning depend upon section 1112 and held that one of three signers of a promissory note may recover from the estate of the principal debtor. The decision in that case is, however, strengthened by the reference made in section 1723, *supra.* Subsequently, in *Crédito y Ahorro Ponceño* v. *Beiró,* 32 P.R.R. 752, this court accepted the doctrine in the *Hughart case,* but showed that the facts in the case before it were different.

On the continent, where two persons sign equally for the accommodation of a debtor, there arises an implied contract by reason of the payment, and the other surety must pay his proportion. There under various principles an accommodation party is always a surety. In Maryland a statute somewhat similar to our own was similarly construed in *Fuhrman*

v. *Fuhrman,* 115 Md. 441. Louisiana has interpreted the rights of accommodation makers among themselves, but the decisions are made to depend upon principles of general commercial law and not upon any special provision of the Civil Code. We, too, think that, where parties *in pais* sign to accommodate a third person, among the two who sign to favor the third there arises an obligation in conformity with the principles of section 1745, *supra.*

The judgment should be affirmed.